IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ZULMA CONSUELO PINEDA | § | |
| | § | NO. 18-30380 |
| Debtor. | § | |
| | § | (Chapter 13) |
| | § | |
| | § | |

**WAYNE VANCE, CELSO DURAN, FRANCISCO PEREZ AND GLADYS BARNER, AND PRO SE MOVANT ANGELA GALVIS SCHNUERLE'S JOINT RESPONSE TO DEBTOR'S MOTION TO SET ASIDE ORDER OF DISMISSAL AND REINSTATE CASE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Wayne Vance, Celso Duran, Francisco Perez, and Gladys Barner (Named Proposed Class Action Plaintiffs and creditors) and Pro Se Movant Angela Galvis Schnuerle (secured creditor) in the above-styled and numbered case, hereinafter collectively referred to as "Creditors", hereby make their Response ("Response") to the Motion to Set Aside Order of Dismissal and Reinstate Case, hereinafter referred to as the "Motion", of Zulma Consuelo Pineda, Debtor herein, hereinafter referred to as "Debtor", and respectfully show the Honorable Court the following:

**I.
FACTS**

1.     On February 5, 2018, Debtor filed her bankruptcy petition, which is document 1 in the above-styled and numbered case. Pursuant to Section 301 of the United States Bankruptcy Code, filing a bankruptcy petition commences a voluntary case and constitutes an order for relief.

2.     Debtor filed her Plan as document 13 on February 20, 2018. Debtor's Plan states in Section I A. that Debtor's first monthly payment in the sum of $7,932.00 is due to be paid to the Chapter 13 Trustee on March 7, 2018.

3.      In document 18 filed on March 16, 2018, the Trustee's Notice of Intent to Certify Chapter 13 Case for Dismissal contains the Chapter 13 Trustee's notice to Debtor and Debtor's attorney (a) that Trustee intends to certify the above-referenced case for dismissal for the reason that Debtor did not pay to the Trustee the first payment specified in Debtor's Plan within 30 days of the petition date and (b) that failure to cure that deficiency within 7 days shall subject this case to dismissal by the Bankruptcy Clerk without further notice.  Furthermore, Trustee's Notice in document 18 cites General Order 2017-01, Section 3 which provides that a Chapter 13 Petition may be dismissed without prejudice after 7 days as to Section 3 subsection (c) that the Debtor did not pay the first Plan Payment to the Trustee within 30 days after the Petition Date as required by Section 1326(a)(1) of the Bankruptcy Code, if prior written Notice of Intent to Dismiss is filed with the Court and served on the Debtor and Debtor's Counsel unless any default or deficiency is cured prior to the expiration of such period.

4.      The Chapter 13 Trustee filed on March 20, 2018 as document 19 a Report of Section 341 Meeting which contain the information that the Section 341 Meeting was scheduled on March 19, 2018, that the first payment of $7,932.00 was due to the Chapter 13 Trustee on March 7, 2018, that no amount had been paid by Debtor to the Chapter 13 Trustee, and that the Debtor did not appear at the scheduled Section 341 Meeting.

5.      The Chapter 13 Trustee also filed on March 20, 2018 in document 20 Trustee's Notice of Intent to Certify Chapter 13 Case for Dismissal for the reason that Debtor failed to appear without agreement of the Trustee's office to continue with the 341 Meeting.  Debtor made no excuse to the Chapter 13 Trustee for her failure to appear at the Section 341 Meeting scheduled on March 19, 2018.  Document 20 also contained the warning to Debtor that the above-referenced bankruptcy proceeding may be dismissed without prejudice after seven days from March 20, 2018,

if prior written Notice of Intent to Dismiss is filed with the Court and served on the Debtor and Debtor's Counsel unless any default or deficiency is cured prior to the expiration of such period.

6. The Chapter 13 Trustee's Staff Attorney, who conducted the Section 341 Meeting on March 19, 2018, had announced to the Debtor's attorney, who was present along with two attorneys representing creditors, that a pre-hearing conference would be held at 8:45 a.m. on March 29, 2018 as an informal hearing that is set as a deadline date for the Debtor to remit Debtor's first Plan payment to the Chapter 13 Trustee, before the United States Bankruptcy Judge would sign an Order Dismissing Chapter 13 Case. However, Debtor did not remit the first Plan payment to the Chapter 13 Trustee by March 29, 2018.

7. In fact, Debtor has not made the first Plan Payment due to the Chapter 13 Trustee within 30 days after the earlier of the date of the filing of the Plan or the order for relief, as required by § 1326(a)(1) of the United States Bankruptcy Code.

8. Debtor has willfully failed to obey the Court Orders described above. To prove Debtor's willful failure to obey such Court Orders in the above-referenced bankruptcy case, Creditor has referred in this Response to the documents contained in the Court's docket. Debtor has failed to make the required Plan payment in the sum of $7,932.00 on March 7, 2018 to the Chapter 13 Trustee that was ordered by the United States Bankruptcy Judge and required in Section I A. of Debtor's Chapter 13 Plan in the above-referenced bankruptcy case.

9. Consequently, United States Bankruptcy Judge Harlin DeWayne Hale signed on March 30, 2018, as document 24, an Order Dismissing Chapter 13 Case pursuant to General Order 2017-01, which Order (a) accurately states that "the Debtor failed to timely pay the Trustee the first payment specified in Debtor's plan within 30 days after the filing of the Petition" and (b) orders that the above proceeding is DISMISSED without prejudice.

10. Moreover, Debtor has also failed to make to the Chapter 13 Trustee the Plan payment in the amount of $7,932.00 that was required to be made in April of 2018.

11. Debtor has thereby willfully failed to obey this Honorable Court's Orders and has failed to make any of the Plan payments due under, and meet the requirements of, § 1326(a)(1) of the United States Bankruptcy Code in the above-referenced bankruptcy case.

12. As of the date of the filing of this Response, no Plan payment has been made by Debtor to the Chapter 13 Trustee. Debtor's expression in the Motion of a willingness to bring the Plan payments current was an empty and meaningless statement when Debtor's Motion was filed on April 9, 2018 and continues to be an empty and meaningless statement today.

13. Due to such willful failures by Debtor (a) to appear at the Section 341 Meeting scheduled on March 19, 2018, (b) to make any excuse to the Chapter 13 Trustee for such failure by Debtor to so appear, (c) to make any of the Plan payments, and (d) to obey this Honorable Court's Orders, it is in the best interests of the creditors and of the estate that the above-styled and numbered bankruptcy case not be reinstated.

14. For the reasons stated above in Creditors' Response to Debtor's Motion, this Honorable Bankruptcy Court should deny in all things Debtor's Motion to Set Aside Order of Dismissal and Reinstate Case.

## II.
## PRAYER

15. WHEREFORE, PREMISES CONSIDERED, Wayne Vance, Celso Duran, Francisco Perez, and Gladys Barner, and Pro Se Movant Angela Galvis Schnuerle request that this Court deny Debtor's Motion to Set Aside Order of Dismissal and Reinstate Case and that this Court grant such other and further relief, both general and special, at law and in equity, that may be appropriate.

**WAYNE VANCE, CELSO DURAN, FRANCISCO PEREZ, GLADYS BARNER,**
**AND ANGELA GALVIS SCHNUERLE'S RESPONSE TO DEBTOR'S MOTION TO**
**SET ASIDE ORDER OF DISMISSAL AND REINSTATE CASE**                                Page 4
4820-1856-4196v1

Respectfully submitted,

**ZELLE LLP**

By: */s/ Shannon M. O'Malley*
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    Shannon M. O'Malley
    Texas Bar No. 24037200
    somalley@zelle.com
    Bennett A. Moss
    Texas Bar No. 24099137
    bmoss@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR WAYNE VANCE, CELSO DURAN, FRANCISCO PEREZ AND GLADYS BARNER**

          **-AND-**

By: */s/ Angela Galvis Schnuerle*
    Angela Galvis Schnuerle
    glavislaw@gmail.com

**PRO SE MOVANT**

5523 J.F.K Blvd.
North Little Rock, Arkansas 72116
Dallas, TX 75202-3975
Telephone: 501-220-1116

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the above and foregoing Wayne Vance, Celso Duran, Francisco Perez, Gladys Barner, and Angela Galvis Schnuerle's Response to Debtor's Motion to Set Aside Order of Dismissal and Reinstate Case has been served electronically or mailed by first-class, United States mail, postage prepaid, to the following persons on the 1st day of May, 2018:

| Debtor | Trustee |
|---|---|
| Zulma Consuelo Pineda<br>2414 Diamond Point Dr.<br>Decar Hill, TX  75104 | Thomas Powers<br>105 Decker Ct., Suite 1150<br>Irving, TX  75062 |
| Lawrence Herrera<br>Law Office of Lawrence Herrera<br>4717 W. Lovers Lane<br>Dallas, TX  75209 | United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 |

Creditors Requesting Notice

Sherrel K. Knighton
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

                                                                            /s/ *Shannon M. O'Malley*
                                                                            Shannon M. O'Malley